Dear Mayor Baquet:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointing of an accountant for the City of Ville Platte. You indicate at the first regular meeting of the Board of Aldermen after these elected officials began their term in January of 1999 several appointments of officers, including a certified public accounting firm, were made. At a meeting in May of 2000 a resolution was passed for the City to accept bids from other certified public accounting firms interested in auditing the City's financial matters. In light of R.S. 33:386 and R.S. 33:404, you present the following questions:
 1. Is it the Mayor who must initiate the appointments (in particular under R.S. 33:386) of a certified public accounting firm to handle the City's financial matters or can the Board of Aldermen initiate the appointment?
 2. What is the duration of the appointment of the auditing firm made in January, 1999 and does its duration coincide with the duration of the term of the Mayor who appointed it (in this case the term of the Mayor is four years)?
 3. If the appointment of the auditing firm coincides with the term of the Mayor under what circumstances (or for what reasons) can the auditor be dismissed before the expiration of the four year term?
Under R.S. 33:386 it is provided that "the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk * * * and all other necessary officers whose election is not provided for in R.S. 33:381", and that "the term of the clerk * * * shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election." In accordance with R.S. 33:422 it is stated, "The clerk shall be the auditor of the municipality."
However, pursuant to our telephone conversation your inquiry is in regard to contracting with a certified public accounting firm for an audit under R.S. 24:513.
We note that this office had previously concluded that R.S. 24:517
was the statutory authority which empowered the mayor and board of aldermen to hire by contract a town auditor. Atty. Gen. Op. Nos. 92-508, 91-77. Act 610 of 1991 amended and reenacted numerous statutes relative to the legislative auditor and repealed R.S.24:517. The amending Act sets forth the powers and duties of the legislative auditor, and provides in R.S. 24:513(A) that various independently elected public local officials, boards, commissions, municipalities and various other political subdivisions "shall be audited or reviewed by licensed certified public accountants". It is further provided in R.S. 24:513(A)(6) as follows:
 The legislative auditor shall have the authority to prescribe the terms and conditions of any such audit or review conducted by a licensed certified public accountant and shall be authorized to approve said terms and conditions prior to its commencement and to require the office subject to audit to present said terms and conditions to him for approval. It is the joint responsibility of the office subject to audit or review and the certified public accountant to submit the engagement agreement to the legislative auditor for approval prior to the commencement of the audit. The legislative auditor shall also have access to the working papers of the accountant during the examination and subsequent to its termination.
Therefore, despite that R.S. 24:517 was repealed, we find that under the amended statutes the conclusions of the earlier opinions of this office that the Mayor and Board of Aldermen have the authority to contract for a town auditor is still correct. While this office has concluded in Atty. Gen. Op. 98-469 that a mayor, acting alone, is without power to execute a contract binding a city or town in the absence of an ordinance or resolution by the governing authority authorizing him to do so, it was found in Atty. Gen. Op. No. 91-77 that once the Mayor provides a recommendation which is approved by the Board of Aldermen a contract is formed, except the legislative auditor is authorized to approve said terms and conditions.
It is further observed in the latter opinion that the term of the contract is established by the wording of the contract, but if no contract period is specified, "the auditor serves at the pleasure of the Mayor and may be terminated at anytime." Additionally, it was concluded the auditor's contract shall not be for a longer period of time than the term of office of the mayor, and if the mayor is re-elected, he must recommend an auditor at the beginning of his new term for approval of the Board of Aldermen.
As to your inquiry pertaining to a dismissal of the auditing firm before the expiration of the four year term, we assume this would therefore be a contract without a specified term, and this office in Atty. Gen. Op. 91-77 stated, "If no contract period is specified, the auditor serves at the pleasure of the mayor and may be terminated at anytime."
We hope this sufficiently answers your inquires, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr